UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-CIV-22658-MGC

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

    Plaintiff,

vs.

APPLE INC.,

    Defendant.

_____

**JOINT SCHEDULING REPORT**

Pursuant to Local Rules 16.1(b)(2)-(3), and Fed. R. Civ. P. 26, Plaintiff Rothschild Storage Retrieval Innovations, LLC ("RSRI") and Defendant Apple Inc. ("Apple") (collectively, the "Parties") submit the following Joint Scheduling Report:

    **1.    Local Rule 16.1(b)(2)(A) – Likelihood of Settlement**

The Parties will explore possibilities for settlement and intend to enter into good faith settlement discussions. The Parties cannot at this time provide the Court with any additional information regarding the likelihood of settlement.

    **2.    Local Rule 16.1(b)(2)(B) – Likelihood of Appearance in the Action of Additional Parties**

At the time of this submission, discovery has not yet commenced, and the Parties have not yet determined whether additional parties need to formally appear in this case. Given the nature of this case, discovery may reveal additional non-public information – regarding, for example, the development and/or manufacture of the accused products – that would require the addition of parties to this case.

1

   **3.**  **Local Rule 16.1(b)(2)(C) – Proposed Time Limits for Joining Parties and Amending Pleadings, Filing and Hearing Motions, and Completing Discovery**

  The Parties provide their respective positions in Section 14 for the proposed scheduling order.

   **4.**  **Local Rule 16.1(b)(2)(D) – Proposals for Formulation and Simplification of Issues, Including Elimination of Frivolous Claims or Defenses, Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

  The Parties have agreed that they will work together in good faith to simplify the issues for trial, including reaching stipulations of fact and as to the authenticity of documents. The timing of any motions for summary judgment or partial summary judgment is set forth in Section 14.

   **5.**  **Local Rule 16.1(b)(2)(E) – The Necessity or Desirability of Amendments to the Pleadings**

  The Parties do not know at the time of this submission if it will be necessary or desirable to amend the pleadings. The Parties wish to reserve the right to add claims or defenses as discovery progresses. As discussed in Section 2 above, additional parties may need to be added.

   **6.**  **Local Rule 16.1(b)(2)(F) – Possibility of Admissions of Fact and Documents, Electronically Stored Information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

  The Parties have agreed to work together in good faith to reach stipulations regarding uncontested facts and the authenticity of documents to expedite the trial of this matter.

   **7.**  **Local Rule 16.1(b)(2)(G) – Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

  <u>Plaintiff's Position</u>: Plaintiff proposes that simplification of issues can be greatly advanced by designation of exemplar accused infringing products by Defendant. Plaintiff

2

requests that Defendant be required to identify a set of representative accused products that operate in essentially the same manner from the list of products accused of infringement by Plaintiff, so that proof can be organized according to those groups and so that discovery and trial practice can be streamlined.

<u>Apple's Position</u>: Apple disagrees with Plaintiff's proposal regarding representative accused infringing products. Apple maintains that it is incumbent on Plaintiff to prove the accused infringement as to each accused product. At a minimum, Apple should not be required to elect any representative products until after the asserted claims are construed by the Court and Plaintiff has submitted its final contentions and expert opinions on the alleged infringement. Prior to these events, Apple does not have the requisite information to assess the infringement theories that Plaintiff will present at trial in order to determine whether the accused products can be grouped into representative products.

### 8. Local Rule 16.1(b)(2)(H) – Suggestions on the Advisability of Referring Matters to a Magistrate Judge

The Parties agree to have discovery matters referred to the Court's Magistrate Judge. At the time of this submission, the Parties do not consent to trial before a Magistrate Judge.

### 9. Local Rule 16.1(b)(2)(I) – Preliminary Estimate of the Time Required for Trial

At the time of this submission and without the benefit of discovery, the Parties estimate that a jury trial will last no longer than 10 full court days. After litigation and discovery are further underway, the Parties expect to be in position to better estimate the time required for trial.

### 10. Local Rule 16.1(b)(2)(J) – Requested Dates for Conferences Before Trial, Final Pretrial Conference and Trial

The parties' respective proposals for various dates for conferences are set forth in Section 14.

### 11. Local Rule 16.1(b)(2)(K) – Other Information Helpful in Setting Case for Status or Pretrial Conference

Plaintiff has filed a motion for consolidation of this case along with seven related lawsuits filed in this District. *See* [DE 21]. Apple filed an opposition to Plaintiff's motion for consolidation [DE 27] and Plaintiff filed a reply in support of its motion for consolidation [DE 30].

Defendant has filed a motion to transfer venue of this case to the Northern District of California. [DE 16]. Plaintiff has filed an opposition [DE 22] and Defendant has filed a reply [DE 23]. Plaintiff moved to strike Defendant's reply for the unauthorized inclusion of new arguments and evidence or, in the alternative, for leave to file a surreply. [DE 25]. Apple opposes Plaintiff's motion to strike and in the alternative, to file a surreply. [DE 28]. Apple filed a notice of supplemental authority in support of its motion to transfer venue. [DE 29]. RSRI intends to respond to Apple's notice of supplemental authority.

### 12. Local Rule 16.1(b)(3)(A) – Case Management Track

The Parties request that the Court assign this patent case to a Complex case management track, in accordance with the proposed scheduling order submitted herewith.

### 13. Disclosure of Electronically Stored Information ("ESI")

**Plaintiff's Proposal:** The parties have negotiated regarding proposed ESI procedures, working from a draft proposed by Apple, but Apple declined to continue to negotiate approximately five hours before the deadline to file this motion. In light of the Court's order [DE 20] that "[n]o further extensions of this deadline [to submit a joint statement] will be granted", Plaintiff provides the following position regarding the production of ESI, which is substantially similar to Apple's original proposal:

      A.      **Format for production of documents – documents existing in electronic format.**  Except as otherwise provided for in this section 13, all documents existing in electronic format shall be produced in multiple page, *.tiff or searchable PDF format, at a resolution of at least 300 dpi in accordance with the following:

      1.      PDF or *.tiff files shall be produced along with image load files that indicate the beginning and ending of each document.

      2.      For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

      3.      **Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

      4.      **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, file transfer protocols ("FTP") or external hard drives, as appropriate. At the producing party's discretion, the producing party may encrypt the production data using TrueCrypt encryption, and the producing party shall forward the

password to decrypt the production data separately from the CD, DVD, FTP, or external drive on which the production data is saved.

      B.      **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

      C.      **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email or with load files that set forth the parent/child relationship.

      D.      **Native files.** Microsoft Excel files shall be produced in native format. Otherwise, the parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

      E.      **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this section 13 shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

      F.    **Foreign language documents.** All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

      <u>**Apple's Proposal**</u>: The parties have not been able to come to an agreement regarding electronically stored information, and Apple reports that it will continue seeking to negotiate in good faith with Plaintiff on an ESI stipulation, despite Plaintiff's inflammatory language.

      Initially, the parties had agreed to separately negotiate an ESI stipulation.  Plaintiff requested that Apple propose an ESI proposal on Wednesday, December 3, two days before the deadline to file a Joint Scheduling Report, and Apple complied by providing a complete draft within 24 hours.  Plaintiff summarily rejected many of Apple's provisions without negotiation, including saying certain provisions were too "complicated" for it to review, and that it would simply refuse to accept them as a result.  Apple still attempted to negotiate a complete ESI proposal with Plaintiff to no avail until later into this afternoon because Plaintiff refused to include many necessary provisions of Apple's proposal, and continues to hope to negotiate with Plaintiff despite its posturing, to which Apple will not engage.

### 14.     Local Rule 16.1(b)(3)(B), (E)-(J) – Proposed Schedule

**Plaintiff's Proposal**:

Plaintiff's proposed schedule is set forth in Exhibit 1.  Plaintiff requests a scheduling order and patent rules in accord with the model patent scheduling order in another related RSRI case in this district.[1]

Apple's decision not to include any dates in its proposed schedule is contrary to the Court's December 3, 2014 Order [DE 30] stating that no further extensions of the deadline to submit a joint report will be granted. Apple is not entitled to a stay simply because it has filed a motion to transfer and because it declines to negotiate any dates. If Apple requests a stay, it should so move. "A district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings" upon a motion for transfer. *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (setting forth factors to be considered in considering motion to stay pending transfer motion); *see also Guerrero v. Target Corp.*, No. 12-21115, 2012 WL 2054863, at *1 (S.D. Fla. June 7, 2012) ("it is unfair to Plaintiff to stay resolution of this case indefinitely when consolidation and transfer to a potential MDL is far from certain."). Apple must "demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on" RSRI. *Id.* (internal citations omitted). To the extent the Court considers a stay of this action, RSRI requests an opportunity to fully brief this issue.

Apple's deletions from the model patent rules adopted by another court in this District are contrary to an efficient and just resolution of this case. The requirement for the production of unenforceability and non-infringement contentions, set forth by the model patent scheduling

---

[1] *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility, LLC*, No. 14-cv-22659-RNS.

8

order, provide RSRI with notice of Apple's defensive theories and allow the parties to tailor discovery to those theories. The requirement of a deadline to file a motion to stay pending reexamination at the U.S. Patent Office allows the parties and the Court certainty regarding stay proceedings, and is in the model patent scheduling order. Finally, the deadline to file opening briefs asserting claims for invalidity and unenforceability – on the same day of opening *Markman* briefing – will assist the Court's interpretation of the disputed claims in relation to Apple's defenses. Otherwise, Apple would be free to argue for a construction and then later move for summary judgment on the basis that its construction renders the patent invalid.

**Apple's Proposal**:

Apple's proposed schedule is set forth in Exhibit 2. Apple completely disagrees with Plaintiff's mischaracterization of Apple's proposed schedule. Apple has fully complied with the Local Rule requirements and has submitted a complete proposed schedule as required by Local Rule 16. There are only three remaining disputed issues as to the proposed events. Apple will not engage in the inflammatory language and accusations lobbed by Plaintiff.

Plaintiff has alleged that Judge Scola's schedule in the Motorola case brought by Plaintiff has somehow established "model patent rules" or a "model patent scheduling order" in this District, which is not true. Plaintiff's proposal hinges entirely on this Court adopting a scheduling order from another case to which Apple is not a party. This Court should reject Plaintiff's attempt to claim that this District has any "model patent rules", and Apple has not "deleted" anything since the proposed "model patent rules" do not exist. Regardless, the parties' proposals are close, and Apple has made every attempt to comply with Plaintiff's request as to scheduling.

The parties agree on all proposed events except three that are from the *Motorola* case but not typically found in patent cases: (1) the "deadline for a party opposing a claim of patent infringement or asserting invalidity or unenforceability to serve Non-Infringement and Unenforceability Contentions and make accompanying document production"; (2) the "deadline to file a motion to stay the lawsuit pending reexamination in the U.S. Patent Office" and (3) the "deadline to file opening brief asserting claims for invalidity and unenforceability." None of these deadlines are necessary, and Apple rejects them because they will not serve to increase efficiency or help in the resolution of this case. The deadlines are all unnecessary because all of these proposed events are controlled by statute (deadline regarding a motion to stay pending reexmanination) or are otherwise will be resolved during discovery or dispositive motion to practice, which are both already in Apple's proposed schedule.

Apple is not able to provide firm dates because the Court has not yet ruled on its Motion to Transfer Venue. Apple proposes that the Northern District of California Patent Local Rules should apply to the patent related disclosures that the parties have agreed to. Adopting these local rules for the patent related disclosures would be helpful to both the Parties and the Court because they provide specific instructions to the Parties on what needs to be provided in these disclosures and would thus alleviate unnecessary motion practice and confusion regarding these submissions and briefings. None of the three additional events proposed by Plaintiff are required by the Northern District of California's Patent Local Rules or any rules of this Court, and Apple does not agree that these should be included in this case schedule. Apple does not agree that any orders from the *Motorola* case govern the proposed schedule here, and has opposed Plaintiff's attempt to consolidate this case with other cases, including the *Motorola* case.

Apple also proposes that the deadlines set forth in the its proposed schedule should not begin until the Court has ruled on Apple's Motion to Transfer to the Northern District of California. Apple believes that this case should be transferred and no further scheduling is necessary because the "center of gravity" of this case is in the Northern District of California, not this District. Apple requests that the Court rule on the Motion to Transfer before addressing this joint scheduling report and proposed scheduling order. The Federal Circuit has repeatedly held that transfer motions should be addressed at the outset of litigation. *See In re EMC Corp.*, 501 F. App'x 973, 975-76 (Fed. Cir. 2013) (This case is a prime example of the importance of addressing motions to transfer at the outset of litigation. As the Fifth Circuit stated in *In re Horseshoe Entm't*, 'in our view disposition of [a] motion [to transfer] should have taken a top priority in the handling of this case by the ... District Court.'"); *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) ("We fully expect, however, for Fusion–IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action.").

If the Court denies transfer, then it can schedule dates from Apple's proposed schedule. Plaintiff is wrong that Apple has not complied with the requirements under L.R. 16 or any other rule.

Dated: December 5, 2014

>                                    Respectfully submitted,
>
>                                    DIAZ REUS & TARG, LLP
>                                    100 Southeast Second Street
>                                    3400 Miami Tower
>                                    Miami, Florida 33131
>                                    Telephone: (305) 375-9220
>                                    Facsimile: (305) 375-8050

/s/ *Brant C. Hadaway*
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

– AND –

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Andrew M. Howard
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Of Counsel*


/s/ *Jeremy T. Elman*
Jeremy T. Elman, Esq.
Florida Bar Number: 37448
200 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131
Telephone: (305) 423-8514

Facsimile: (305) 503-7551
Email: jeremy.elman@dlapiper.com

Of Counsel:

John Allcock, Esq.
*Pro Hac Vice* Application to be Filed
Tiffany Miller, Esq.
*Pro Hac Vice* Application to be Filed
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701
Email: john.allcock@dlapiper.com
Email: tiffany.miller@dlapiper.com

Summer Krause, Esq.
*Pro Hac Vice* Application to be Filed
Asa Wynn-Grant, Esq.
*Pro Hac Vice* Application to be Filed
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: summer.krause@dlapiper.com
Email: asa.wynngrant@dlapiper.com

*Counsel for Defendant Apple Inc.*